UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLINTON LOVING (#3481)                                         CIVIL ACTION

VERSUS

HAMPTON STEVE LEA, ET AL.                                      NO. 13-0158-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 22, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLINTON LOVING (#3481)**                                              **CIVIL ACTION**

**VERSUS**

**HAMPTON STEVE LEA, ET AL.**                                           **NO. 13-0158-JJB-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, a prisoner confined at the Feliciana Forensic Facility ("FFF"), Jackson, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against FFF Chief Operating Officer Hampton Steve Lea and Program Manager Tricia Hensarling of the Office of Behavioral Health, Louisiana Department of Health and Hospitals.  The plaintiff complains that his constitutional rights have been violated by the alleged failure of the defendants to respond appropriately to an administrative grievance which he filed on March 18, 2012.  The plaintiff also complains that he was wrongly placed on "12-hour ward restriction" at FFF on September 17, 2012, in response to a minor rule infraction.  He asserts that this penalty was imposed without a hearing and without any procedural due process protections.  He prays for compensatory and punitive damages as a result of the defendants' alleged wrongful conduct, together with injunctive relief, compelling the defendants "to comply with due process requirements" in the future.

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim

lacks an arguable basis either in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  Denton v. Hernandez, supra, at 32, 112 S.Ct. at 1733.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.  Denton v. Hernandez, supra;  Neiztke v. Williams, supra.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915A.  Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915A dismissal may be made at any time, before or after service of process and before or after an answer is filed.  See Gonzalez v. Texas Board of Pardons and Paroles, 2012 WL 5399095 (W.D. Tex., Nov. 5, 2012), citing Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

      The plaintiff's Complaint fails to state a claim of constitutional dimension.  Initially, the Court finds that the plaintiff's claim for compensatory damages fails as a matter of law.  Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury.  In the instant case, the plaintiff has not alleged that he sustained any physical injury as a result of the defendants' alleged wrongdoing.  Accordingly, this aspect of the plaintiff's claim must be

rejected. Although the plaintiff might still be able to recover nominal or punitive damages, see Hutchins v. McDaniels, 512 F.3d 193, 197 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

Turning to a substantive review of the plaintiff's claims, the plaintiff first complains that defendant Lea denied relief in connection with an administrative grievance which the plaintiff filed in March, 2012, and that defendant Hensarling failed to respond thereafter to an administrative appeal which the plaintiff filed in connection therewith. According to the plaintiff, he requested in the referenced grievance a copy of the FFF written policy "concerning disciplinary hearing guidlines [sic]." The plaintiff asserts that defendant Lea responded to this grievance on May 17, 2012, stating that the requested written policy was not applicable to the plaintiff because "disciplinary hearings," as such, are conducted only relative to persons in the custody of the Louisiana Department of Public Safety and Corrections and not to persons, such as the plaintiff, who are confined in facilities operated by the Louisiana Office of Behavioral Health. The plaintiff further asserts that although he appealed this determination to the Office of Behavioral Health, the Program Director thereof, defendant Hensarling, has failed to provide a further response to the referenced administrative appeal.

The plaintiff's claim fails as a matter of law. Specifically, a prisoner is not constitutionally entitled to an investigation into his administrative complaints or to a fair or favorable result in response thereto, and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005), the plaintiff "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction." Accordingly, inasmuch as this claim is based upon "a legally nonexistent interest," the plaintiff may not be heard to

complain about any alleged failure of the defendants to investigate or respond appropriately to his administrative grievance, and this claim is subject to dismissal as being "indisputably meritless." Id.

Finally, the plaintiff complains that in September, 2012, he was placed on 12-hour ward restriction because of a minor rule infraction, and he asserts that this punishment was imposed without a hearing and without any other due process protections. As a result of this punishment, he was allegedly deprived of "air/smoke breaks and recreational activities."

This claim is not one of constitutional dimension. The United States Supreme Court has held that disciplinary proceedings conducted relative to persons confined in institutional settings do not implicate any constitutionally protected liberty interest unless the resulting punishment subjects a prisoner to an atypical and significant deprivation (evaluated in the context of institutional life) in which the State might conceivably have created a liberty interest for the benefit of the prisoner. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Although Sandin addressed the due process rights of inmates confined in penal institutions, the Court sees no reason to apply a different rule to persons confined in forensic facilities. Specifically, the great deference owed to administrators who manage the day-to-day operations of prison facilities would appear to be equally applicable in the context of administrators who manage the day-to-day operations of potentially volatile in-patient mental institutions. Thus, this Court concludes that, in the absence of punishment that imposes an atypical and significant hardship on a prisoner in relation to the ordinary incidents of institutional life, a prisoner claimant does not have a protected liberty interest in procedural protections attendant to his disciplinary proceedings. In the instant case, the plaintiff asserts that he was placed on "12-hour ward restriction," which resulted in his being deprived of recreational

opportunities and an opportunity to take "air/smoke breaks."  In the Court's view, this punishment did not result in a deprivation which is atypical or unusually severe in the context of institutional life.  Accordingly, the plaintiff did not have any entitlement to a hearing or to other due process protections before being subjected to this punishment in response to a rule violation.  This claim, therefore, is subject to dismissal as being legally frivolous within the meaning of 28 U.S.C. § 1915A.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.[1]

Signed in Baton Rouge, Louisiana, on May 22, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."